# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| RYAN SEGAL, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-01783 |
| Plaintiff, | |
| v. | |
| AMADEUS IT GROUP, S.A.; AMADEUS HOSPITALITY, INC.; HILTON DOMESTIC OPERATING COMPANY INC.; MARRIOTT INTERNATIONAL, INC.; THE RITZ-CARLTON HOTEL COMPANY, L.L.C.; ACCOR MANAGEMENT US INC.; SIX CONTINENTS HOTELS, INC. D/B/A INTERCONTINENTAL HOTELS GROUP; HYATT HOTELS CORPORATION; STARWOOD HOTELS & RESORTS WORLDWIDE LLC; FOUR SEASONS HOTELS LIMITED; OMNI HOTELS MANAGEMENT CORP. D/B/A OMNI HOTELS & RESORTS; and LOEWS HOTELS HOLDING CORPORATION. | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND RELEVANT BACKGROUND ........................................................ 1

I.    LEGAL STANDARD ............................................................................................ 2

II.   ARGUMENT ........................................................................................................ 3

    A.    Rule 23(g)(1)(A)(i): Proposed Lead Counsel have performed substantial work identifying, investigating, and litigating the claims. ....................................................... 4

    B.    Rule 23(g)(1)(A)(ii)-(iii): Proposed Lead Counsel possesses vast experience with this type of litigation and deep familiarity with the applicable law. ............................ 5

        1.    Lowey Dannenberg, P.C. ....................................................................... 5

        2.    Korein Tillery, LLC ................................................................................ 8

        3.    Robins Kaplan LLP ............................................................................. 11

    C.   Rule 23(g)(1)(A)(iv): Proposed Lead Counsel will continue to commit all necessary resources to representing the class and prosecuting this case. ................. 14

    D.   The Rule 23(g)(1)(B) discretionary factors also favor appointing Proposed Lead Counsel. ............................................................................................................ 14

CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Deutsche Bank Spoofing Litig.*,
   No. 20-cv-03638 (N.D. Ill. Sept. 1, 2020) ............................................................ 3

*In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*,
   No. 14-cv-10318, 2015 WL 1216318 (N.D. Ill. Mar. 5, 2015) ............................ 3

*In re Smitty's/Cam2 303 Tractor Hydraulic Fluid Mktg.*,
   No. 20-md-02936, 2023 WL 9064606 (W.D. Mo. Dec. 13, 2023) ...................... 12

*Moehrl v. Nat'l Assoc. of Realtors*,
   No. 19-cv-01610, 2020 WL 5260511 (N.D. Ill. May 30, 2020) ...................... 2, 3

*Smith v. State Farm Mutual Auto. Ins. Co.*,
   301 F.R.D. 284 (N.D. Ill. 2014) .......................................................................... 3

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 5

Fed. R. Civ. P. 23(g) ............................................................................................ 3, 15

Fed. R. Civ. P. 23(g)(1)(A) ...................................................................................... 3

Fed. R. Civ. P. 23(g)(1)(A)(i) .................................................................................. 4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ................................................................................. 5

Fed. R. Civ. P. 23(g)(1)(A)(iii) ............................................................................... 5

Fed. R. Civ. P. 23(g)(1)(B) ................................................................................ 3, 14

Fed. R. Civ. P. 23(g)(3) ....................................................................................... 1, 2

Fed. R. Civ. P. 23(g)(4) ............................................................................................ 3

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.11 (2004) ......................................... 3

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d ed. 2007) ...................................................... 4

Pursuant to Fed. R. Civ. P. 23(g)(3), Plaintiff Ryan Segal respectfully moves that the Court appoint Lowey Dannenberg, P.C. ("Lowey"), Korein Tillery, LLC, and Robins Kaplan LLP (collectively "Proposed Lead Counsel") as Interim Co-Lead Class Counsel for the putative class in the above-captioned action (the "Action").

## INTRODUCTION AND RELEVANT BACKGROUND

This case concerns an alleged conspiracy among ten of the largest luxury hotel operators (the "Hotel Defendants") and hospitality data platform developer Amadeus, to inflate the prices consumers paid for luxury hotel rooms in the United States. The Defendants' conspiracy operated not in smoke-filled rooms but on Amadeus' Demand360 platform. As part of this scheme, each Defendant agreed to share non-public forwarding looking occupancy data with Amadeus in exchange for gaining access to the same information provided by their competitors. This competitively sensitive, otherwise private occupancy information allowed the Hotel Defendants to maintain artificially inflated room rates and avoid cutting prices to fill vacant rooms, by proving insight into their competitors' capacity. Amadeus, for its part, benefited by charging the Hotel Defendants for access to the Demand360 platform that collected, organized, and provide the data used in this scheme.

The details alleged in Plaintiff's complaint reflect the extensive work Proposed Lead Counsel have already conducted in this case. Their extensive investigation, conducted over the course of a year, went well beyond reviewing publicly available documents and included interviews with industry participants, consultation with

experts, and a detailed analysis of historical luxury-hotel room rates and occupancy data for specific geographic markets.

Given the size, complexity, and scope of this multi-Defendant case, appointing leadership at this early stage is warranted to ensure the efficient management and prosecution of the action. Proposed Lead Counsel have already started working together with these goals in mind. For example, in the three months since filing the Action, Proposed Lead Counsel have filed an amended complaint, held a Rule 26(f) conference with the Defendants, and successfully coordinated a briefing schedule with the Defendants for responsive pleadings. Defendants do not oppose Plaintiffs' Motion.

In addition to their work in this case, Proposed Lead Counsel have also each proven their ability to successfully navigate similar complex antitrust actions numerous times, both separately and together. Proposed Lead Counsel have and will continue to bring their vigorous, well-resourced, and deeply experienced antitrust advocacy to this Action on behalf of Plaintiff and the Class.

## I.  **LEGAL STANDARD**

Fed. R. Civ. P. 23(g)(3) permits the appointment of interim class counsel "to act on behalf of a putative class" before the action has been certified as a class action. *Moehrl v. Nat'l Assoc. of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) (quoting Fed. R. Civ. P. 23(g)(3)). "Designation of interim class counsel in a consolidated putative class action helps 'clarify responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'"

*Smith v. State Farm Mutual Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)). This Court has appointed interim co-lead class counsel even when competing lawsuits or leadership applications do not exist. *See In re Deutsche Bank Spoofing Litig.*, No. 20-cv-03638 (N.D. Ill. Sept. 1, 2020) (Gottschall, J.).

Courts apply the considerations set out in Fed. R. Civ. P. 23(g)(1)(A) to the designation of interim class counsel both before and after certification. *Moehrl*, 2020 WL 5260511, at *1 (citing *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015) (Gottschall, J.)). Rule 23(g)(1)(A) requires that courts consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *see also Moehrl*, 2020 WL 5260511, at *2. The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4).

## II.   **ARGUMENT**

Proposed Lead Counsel have satisfied every factor enumerated in Fed. R. Civ. P. 23(g) and should therefore be appointed as Interim Co-Lead Class Counsel.

A. **Rule 23(g)(1)(A)(i): Proposed Lead Counsel have performed substantial work identifying, investigating, and litigating the claims.**

When appointing lead counsel, one factor courts consider is the work and resources counsel expend investigating plaintiff's claims. "In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken." MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. ed. 2007). Accordingly, "when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks." *Id.*

This is exactly what Proposed Lead Counsel have done in this case. The amended complaint reflects Proposed Lead Counsel's extensive investigation into the market and the Defendants' conduct, which included gathering and analyzing publicly available documents concerning the Demand360 platform and the Hotel Defendants' use of it, analyzing reports concerning historical luxury-hotel room rates and occupancy in specific geographic areas along with market data, consultation with experts, and interviews of potential fact witnesses.

After initiating this action, Proposed Lead Counsel wasted no time, and conducted several meet and confers with defense counsel regarding briefing and discovery, to advance Plaintiff's and the class's claims. *See* p. 2, *supra*. If these discussions are any indication of what is to come, discovery in this matter is likely to be complex, requiring review of hundreds of thousands of documents, numerous depositions, retention of

industry and damages experts, potential motion practice, and a concerted effort to resolve discovery disputes with defense counsel representing the twelve Defendants. Proposed Lead Counsel's deep involvement in this litigation from investigation and filing to present and their experience in complex discovery in large antitrust class actions, as described below, uniquely positions them to lead this action efficiently. *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

      B.      **Rule 23(g)(1)(A)(ii)-(iii): Proposed Lead Counsel possesses vast experience with this type of litigation and deep familiarity with the applicable law.**

Proposed Lead Counsel each have vast experience prosecuting complex antitrust cases just like these, frequently achieving multimillion-dollar recoveries for plaintiffs and class members against large, well-funded corporate defendants.

### 1. Lowey Dannenberg, P.C.

For over five decades, Lowey has successfully prosecuted class actions against some of the largest corporations in the world and achieved substantial recoveries on behalf of consumers, Fortune 100 companies, the nation's largest pension funds, sophisticated institutional investors, one of the largest investment firms in the country, and the Treasurer of the Commonwealth of Pennsylvania.[1] In its capacity as lead or co-lead counsel Lowey has recovered billions of dollars on behalf of class members, including $706.5 million in *Sullivan v. Barclays plc*, No. 13-cv-02811 (PKC) (S.D.N.Y.), $364.5 million in *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-03419 (GBD) (S.D.N.Y.), and $386 million in *In re GSE Bonds*, No. 19-cv-1704 (S.D.N.Y.) (alleging sixteen of the largest banks

---

[1] Lowey's firm résumé is attached as Exhibit A.

conspired to inflate prices of newly-issued GSE Bonds). Lowey was ranked the #1 law firm based on antitrust settlements in ISS Securities Class Action Services' 2023 Report of Top Plaintiff Law Firms.

Courts routinely recognize this experience in appointing Lowey to leadership positions in complex class action cases. *See, e.g.*, *In re GSE Bonds*, No. 19-cv-1704, ECF No. 159; *In re Crop Protection Products Loyalty Program Antitrust Litig.*, No. 23-md-03062 (M.D.N.C. June 4, 2023), ECF No. 60 (appointing both Lowey and Korein Tillery Co-Lead Counsel in a consolidated action among 29 civil actions and 52 plaintiffs).

Lowey has deep experience serving as lead or co-lead counsel in some of the most complex antitrust litigations in the country, including actions involving complex facts and novel legal theories. *See, e.g.*, *Laydon*, No. 12-cv-03419 (involving exchange based Euroyen-based derivatives); *GSE Bonds*, No. 19-cv-1704 (involving government bonds); *Dennis et al. v. The Andersons et al.*, No. 20-cv-04090 (N.D. Ill.) (involving manipulation of wheat futures and options by a large short). Lowey will bring the same thoughtfulness and creativity to this case.

Lowey's team in this action is led by two experienced litigators in the firms New York office: Vincent Briganti and Christian Levis.

Mr. Briganti has been at the firm for nearly 30 years and currently serves as the firm's Chairman and head of Lowey's Commodities and Derivatives Practice Group. He is an experienced litigator who has prosecuted some of the most complex federal class action cases, including The London Interbank Offered Rate ("LIBOR") cases, in which Briganti and his co-counsel secured over $1.3 billion for the classes. *See, e.g.*, *Laydon*, No.

12-cv-03419; *In re Sumitomo Copper Litig.*, No. 96-cv-4854 (S.D.N.Y.) ($149 million settlement); *In re Natural Gas Commodity Litig.*, No. 03-cv-6186 (VM) (S.D.N.Y.) ($101 million settlement—at the time, the third largest recovery in the history of the CEA); *In re Amaranth Natural Gas Commodities Litig.*, No. 07-cv-6377 (S.D.N.Y) ($77.1 million settlement); *In re Optiver Commodities Litig.*, No. 08-cv-6842 (S.D.N.Y.) ($16.75 million settlement of CEA and antitrust claims). Mr. Briganti has also been recognized by Super Lawyers as a top Antitrust Litigation attorney from 2019-2024. And in 2020, Mr. Briganti and other leading members of Lowey's case team, including Christian Levis, received the 2020 American Antitrust Institute ("AAI") Award for Outstanding Antitrust Litigation Achievement In Private Law Practice for their work as co-lead counsel in *GSE Bonds*, No. 19-cv-1704.

Mr. Levis is a partner at Lowey who also has extensive antitrust experience, working alongside Mr. Briganti in each of the LIBOR cases and GSE Bond action to obtain the outstanding results described above. Recently, Mr. Levis received the AAI Award for Outstanding Antitrust Litigation Achievement by a Young Lawyer for his work in *Fund Liquidation Holdings LLC v. Citibank N.A.*, No. 16-cv-05263 (S.D.N.Y.), an antitrust case concerning the alleged manipulation of Singapore dollar interest rate benchmarks, that ultimately recovered $155.5 million for the class. Consistent with these achievements, Mr. Levis has been recognized by Super Lawyers as a "Rising Star" in Class Action litigation since 2021.

Mr. Levis also manages Lowey's e-discovery infrastructure and has substantial experience using analytics and machine learning technology to increase efficiency and reduce costs in discovery—concrete skills that will undoubtedly benefit the class.

Messrs. Briganti and Levis are supported by Nicole Veno and Noelle Forde, experienced associates who each have significant antitrust experience. Ms. Veno has over a decade of experience investigating and litigating complex cases on behalf of plaintiffs, including antitrust and consumer class actions and *qui tam* whistleblower matters. She also serves as co-chair (alongside Geoffrey Kozen of Robins Kaplan) of the Climate and Antitrust Committee of Committee to Support the Antitrust Laws ("COSAL"). Additionally, Ms. Veno serves on the Board of Directors of Women in eDiscovery's New York chapter and was recognized by Super Lawyers as a "Rising Star" in Antitrust Litigation in 2022-2024. Ms. Forde has eight years of experience successfully prosecuting complex class action cases in a variety of industries on behalf of both direct and indirect purchasers. She received the 2022 American Antitrust Institute ("AAI") Award for Outstanding Antitrust Litigation Achievement by a Young Lawyer for her work in *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 18-cv-00850 (E.D. Va.).

## 2. Korein Tillery, LLC

Korein Tillery is a plaintiff's complex-litigation law with offices in Chicago, St. Louis, and San Diego. Korein Tillery has been appointed as class counsel in over 50 cases and helped its clients obtain over $18 billion in verdicts and settlements over the last 14

years in both class action and non-class action cases.[2] Most recently, Korein Tillery obtained a $185 million settlement on behalf of thousands of minor league baseball players that is believed to be one of the five largest wage-and-hour settlements ever. *Senne v. The Office of the Comm'r of Baseball*, No. 14-cv-00608-JCS (N.D. Cal.).

Korein Tillery has substantial antitrust experience. For example, Korein Tillery helped a class obtain a $386.5 million settlement in a case alleging antitrust violations arising from coordinated price fixing in the secondary market for bonds issued by various government-sponsored entities. *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.). Korein Tillery and its co-counsel also developed and litigated a class action on behalf of individuals who entered into FX transactions in over-the-counter exchanges and/or on exchanges with these dealers, alleging violations of Sections 1 and 3 of the Sherman Antitrust Act. As a result of nearly six years of work, the class ultimately obtained $2.3 billion in court-approved settlements from 15 of the 16 defendants, constituting one of the largest antitrust class action recoveries in history. *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-07789 (S.D.N.Y.) (hereafter "FX").

Korein Tillery's responsible partner from FX, Steven Berezney, will be its responsible partner for this case. Mr. Berezney is a member of this Court's trial bar, has tried both bench and jury cases, has briefed and orally argued several appeals, and has taken and defended several hundred depositions in his 20-year legal career. Mr. Berezney is currently representing two former college baseball coaches in a proposed antitrust class

---

[2] Korein Tillery's firm résumé is attached as Exhibit B.

action alleging that the NCAA and its member schools are illegally conspiring to deprive an entire category of college baseball coaches of pay. *Smart v. National Collegiate Athletic Ass'n*, No. 22-cv-02125 (E.D. Cal.).

Mr. Berezney also has class action experience beyond FX. He currently serves as court-appointed co-lead class counsel in two class action cases filed in Missouri seeking unpaid franchise fees from video streaming services such as Netflix, Hulu, DIRECTV, DISH Network, and Sling TV. *See, e.g.*, *City of Creve Coeur v. Netflix, Inc.*, No. 18SL-CC02819 (St. Louis County Mo.); *City of Creve Coeur v. DIRECTV LLC*, No. 18SL-CC02821 (St. Louis County Mo.). Mr. Berezney also briefed and orally argued the class' opposition to the defendants' interlocutory appeal in that case, resulting in an affirmance of the lower court's class certification order. *City of Creve Coeur v. Netflix, Inc.*, 670 S.W.3d 66 (Mo. App. E.D. 2023), *trans. denied* (Mo. July 20, 2023).

Joining Mr. Berezney from Korein Tillery will be Pamela Yaacoub and David Walchak, two experienced antitrust associates from the Chicago office. *See* Ex. B. Ms. Yaacoub clerked for Judge Edmond Chang of this District, as well as Judge Jane Kelly on the U.S. Court of Appeals for the Eighth Circuit. She brings a different antitrust perspective to the team, having defended the nation's largest owner of residential real estate brokerage brands in a federal antitrust class action. Like Ms. Yaacoub, Mr. Walchak also clerked at the federal district-court and appellate-court levels. Since joining Korein Tillery, Mr. Walchak has represented class-action plaintiffs in antitrust and copyright suits related to digital platforms, including *In re Google Play Store Consumer Antitrust Litigation*, No. 20-cv-05761 (N.D. Cal.).

### 3. Robins Kaplan LLP

Robins Kaplan LLP litigates, mediates, and arbitrates high-stakes, complex disputes, repeatedly earning national recognition. Firm clients include—as both plaintiffs and defendants—numerous Fortune 500 corporations, emerging markets companies, entrepreneurs, and individuals.[3]

The firm's Antitrust and Trade Regulation Group is known nationally for the pioneering cases that it has won, and for the unique combination of characteristics that it brings to antitrust litigation. Its most distinguishing qualities became apparent to a global audience nearly two decades ago, when Robins Kaplan secured the multibillion-dollar settlement that made it, in the words of *Law360*, "the vanguard firm in the first successful battle with Big Tobacco." In March of last year, Robins Kaplan's historic $5.5 billion settlement in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* was unanimously upheld by the Second Circuit. Robins Kaplan has led many other significant national efforts to redress economic harm and achieve industry reforms in litigation over conspiracies in the markets for air cargo (*In re Air Cargo Shipping Services Antitrust Litigation*, where the firm secured more than $1.2 billion in recoveries), automotive parts (*In re Automotive Parts Antitrust Class Action*, where the firm has secured more than $1.2 billion in recoveries), and contact lenses (*In re Disposable Contact Lens Antitrust Litigation*, where the firm secured more than $118 million in settlements). Robins

---

[3] Robins Kaplan's firm résumé is attached as Exhibit C.

Kaplan currently serves in court-appointed leadership roles in class action, as set forth in the attached firm resume (Ex. C.)

Robins Kaplan's lead partners for this case will be Ryan Marth and Geoffrey Kozen. After serving as a law clerk to Hon. Helen M. Meyer of the Minnesota Supreme Court, Mr. Marth began his career at Robins Kaplan on the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, where he was an integral part of the Plaintiffs' team through more than 19 years of litigation and critical to achieving the historical 23(b)(3) settlement. He also has experience on the other side of the "v," obtaining favorable settlements for a Norwegian salmon-sales company in a series of nationwide antitrust class actions, as well as for an auto-supply retailer/distributor, in a national consumer class action, where a court recently certified several statewide classes in similar litigation against its competitor. *See In re Smitty's/Cam2 303 Tractor Hydraulic Fluid Mktg.*, No. 20-md-02936, 2023 WL 9064606, at *21 (W.D. Mo. Dec. 13, 2023). Chambers praises Mr. Marth as an "excellent" lawyer and "a hard worker."

Directly after law school, Geoffrey Kozen worked in competition policy for the American Antitrust Institute, advocating for robust application of the antitrust laws to protect consumers and society. Since joining Robins Kaplan, Mr. Kozen has continued his work protecting consumers through class action litigation, including work on *In re: LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11-md-2262 (S.D.N.Y.); *In re Cattle and Beef Antitrust Litigation*, No. 22-md-3031 (D. Minn.); *In re Wholesale Grocery Products Antitrust Litigation*, No. 09-md-2090 (D. Minn.); and *In re RealPage, Inc. Rental Software Antitrust Litigation* (No. II), No. 23-md-3071 (M.D. Tenn.). Mr. Kozen has also

12

represented antitrust defendants in multi-million-dollar litigation in *In re: Wholesale Grocery Antitrust Litigation* (D. Minn.) and in *GS Labs v. Blue Cross Blue Shield Minnesota* (D. Minn.). In the former Mr. Kozen secured the dismissal of the counterclaim plaintiffs' claims against his client dismissed at summary judgment, a ruling that was upheld by the Eighth Circuit. In the latter, the plaintiff's claims were dismissed following a 12(b) motion.

Joining Messrs. Marth and Kozen from Robins Kaplan will be partner Tom Undlin and Counsel Eric Barstad. Mr. Undlin has experience in an array of complex business disputes including antitrust, breach-of-contract, fraud, securities, and intellectual property claims. In addition to working alongside Mr. Marth and others in *In re Payment Card*, he served as co-lead counsel in *Kirk Dahl, et al. v. Bain Capital Partners, LLC et al.*, No. 07-cv-12388 (D. Mass.), an antitrust suit alleging the world's largest private equity firms formed a conspiracy to suppress the buyout price for public companies; settlements totaled nearly $600 million. Mr. Barstad brings a different perspective, having previously worked in the antitrust group of a New York City law firm where his practice included a full range of antitrust counseling, merger control, and litigation. Over the course of his career, Mr. Barstad has represented major technology, healthcare, and sports and entertainment clients in connection with strategic transactions and government investigations, including serving as global coordinating counsel on multi-jurisdictional mergers and acquisitions.

**C.    Rule 23(g)(1)(A)(iv): Proposed Lead Counsel will continue to commit all necessary resources to representing the class and prosecuting this case.**

Proposed Lead Counsel have already demonstrated their willingness and ability to devote the necessary resources to this case through rigorous prosecution of this Action to date. *See* pp. 2, 4, *supra*.

**D.    The Rule 23(g)(1)(B) discretionary factors also favor appointing Proposed Lead Counsel.**

Under Rule 23(g)(1)(B), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Proposed Lead Counsel have affirmatively demonstrated their ability to work with each other and with defense counsel in these cases and many others. *See, e.g.*, *In re: Crop Protection Products Loyalty Program Antitrust Litig.*, No. 23-md-03062 (N.D. Ohio) (Lowey and Korein Tillery appointed co-lead counsel); *Goldman v. RealPage, Inc.*, No. 23-cv-00552 (M.D. Tenn.) (Lowey and Korein Tillery on plaintiffs' steering committee); *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (Lowey co-lead counsel, with Korein Tillery's support, against many of the same defense counsel here including from Skadden, Arps, Slate, Meagher & Flom; Gibson Dunn & Crutcher; Jenner & Block; King & Spalding; Davis Polk & Wardwell; and Paul Weiss); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-07789 (S.D.N.Y.) (Lowey and Korein Tillery counsel for plaintiffs against defense counsel including Sidley Austin; Skadden, Arps, Slate, Meagher & Flom; Davis Polk & Wardwell; King & Spalding; Gibson Dunn & Crutcher; and Paul Weiss); *In Re: Realpage, Inc., Rental Software Antitrust Litigation* (No. II), No. 23-md-03071 (Robins Kaplan co-lead

counsel, with Lowey and Korein Tillery's support, against defense counsel including Gibson Dunn & Crutcher; Skadden, Arps, Slate, Meagher & Flom; and Norton Rose Fulbright).

Proposed Lead Counsel have and will continue to work cooperatively with each other and opposing counsel to efficiently prosecute this action on behalf of the class.

## CONCLUSION

Lowey, Korein Tillery, and Robins Kaplan are well qualified to prosecute this litigation on the class's behalf. Plaintiff thus respectfully requests that the Court appoint Lowey, Korein Tillery, and Robins Kaplan as Interim Co-Lead Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.


DATED: May 28, 2024

By: */s/ Steven M. Berezney*
Steven M. Berezney (N.D. Ill. 6281020)
**KOREIN TILLERY LLC**
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-1854
sberezney@koreintillery.com

Pamela I. Yaacoub (N.D. Ill. 6327801)
David W. Walchak (N.D. Ill. 323422)
**KOREIN TILLERY LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
pyaacoub@koreintillery.com
dwalchak@koreintillery.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Nicole A. Veno (*pro hac vice*)

15

Claire Noelle Forde (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
nveno@lowey.com
nforde@lowey.com

Geoffrey H. Kozen (N.D. Ill. 0398626)
Ryan Marth (*pro hac vice* forthcoming)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
gkozen@RobinsKaplan.com
rmarth@RobinsKaplan.com

*Attorneys for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2024, I caused a true and correct copy of the foregoing to be served upon counsel of record via e-mail.


Dated: May 28, 2024                                        <u>*Steven M. Berezney*</u>
                                                                        Steven M. Berezney