**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RYAN SEGAL,<br><br>   Plaintiff,<br><br> v.<br><br>AMADEUS IT GROUP, S.A.; AMADEUS HOSPITALITY, INC.; HILTON DOMESTIC OPERATING COMPANY INC.; MARRIOTT INTERNATIONAL, INC.; THE RITZ CARLTON HOTEL COMPANY, L.L.C.; ACCOR MANAGEMENT US INC.; SIX CONTINENTS HOTELS, INC. D/B/A INTERCONTINENTAL HOTELS GROUP; HYATT CORPORATION; STARWOOD HOTELS & RESORTS WORLDWIDE LLC; FOUR SEASONS HOTELS LIMITED; OMNI HOTELS MANAGEMENT CORP. D/B/A OMNI HOTELS & RESORTS; and LOEWS HOTELS HOLDING CORPORATION.<br>   Defendants. | Case No. 24-cv-01783<br><br>Honorable Joan B. Gottschall |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT AMADEUS IT GROUP, S.A.'S MOTION TO
<u>DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................2

LEGAL STANDARDS ............................................................................................................3

ARGUMENT ...........................................................................................................................3

I. SEGAL FAILS TO ALLEGE ANY FACTS TO SUPPORT PERSONAL JURISDICTION OVER AMADEUS IT IN ILLINOIS ...........................................4

    A. The Court Lacks General Jurisdiction Over Amadeus IT ......................................5

    B. The Court Lacks Specific Jurisdiction Over Amadeus IT .....................................5

    C. Illinois Does Not Recognize a Conspiracy Theory of Jurisdiction, and Segal's Attempt to Garner Personal Jurisdiction Over Amadeus IT Through Group Pleading Is Impermissible In Any Event ......................................8

II. SEGAL FAILS TO PROVIDE SUFFICIENT FACTUAL DETAIL TO STATE A PLAUSIBLE CLAIM TO RELIEF AGAINST AMADEUS IT .........................................9

CONCLUSION ......................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*,
751 F.3d 796 (7th Cir. 2014) ....................................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................................3

*Atkins v. Hasan*,
No. 15 CV 203, 2015 WL 3862724 (N.D. Ill. June 22, 2015) ..............................................10

*Bank of America, N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013) ..............................................................................................9, 10

*Batton v. National Ass'n of Realtors*,
No. 21-cv-00430, 2024 WL 689989 (N.D. Ill. Feb. 20, 2024).................................................8

*Berger v. PIKR, Ltd.*,
No. 14 C 8543, 2015 WL 2208200 (N.D. Ill. May 8, 2015) ...................................................9

*Bovinett v. HomeAdvisor, Inc.*,
No. 17 C 6229, 2018 WL 1234963 (N.D. Ill. Mar. 9, 2018) ...................................................8

*Chamberlain Group, Inc. v. Techtronic Industries North America, Inc.*,
No. 16 CV 06113, 2017 WL 4269005 (N.D. Ill. Sept. 26, 2017)..........................................10

*Dale v. Deutsche Telekom AG*,
No. 1:22-cv-03189, 2023 WL 7220054 (N.D. Ill. Nov. 2, 2023).........................................4, 7

*Demaria v. Nissan North America, Inc.*,
No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016).....................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).............................................................................................................4, 5

*International Shoe Co. v. Washington, Office of Unemployment Compensation & Placement*,
326 U.S. 310 (1945)............................................................................................................3, 4

*Kipp v. Ski Enterprise Corp. of Wisconsin*,
783 F.3d 695 (7th Cir. 2015) ...................................................................................................5

*Knaus v. Guidry*,
389 Ill. App. 3d 804 (1st Dist. 2009) .......................................................................................8

*Lawrence H. Flynn, Inc. v. Philip Morris USA, Inc.*,
No. 05 C 318, 2006 WL 211823 (N.D. Ill. Jan. 19, 2006) ............................................................. 7

*Majumdar v. Fair*,
567 F. Supp. 3d 901 (N.D. Ill. 2021) ........................................................................................... 3

*Nautilus Insurance Co. v. COA, Inc.*,
No. 22 C 5997, 2023 WL 2933055 (N.D. Ill. Apr. 13, 2023) .............................................. 3, 4, 5

*Northern Grain Marketing, LLC v. Greving*,
743 F.3d 487 (7th Cir. 2014) ................................................................................................... 5, 6

*Ploense v. Electrolux Home Products, Inc.*,
377 Ill. App. 3d 1091 (4th Dist. 2007) ......................................................................................... 8

*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ........................................................................................................ 4

*Rogers v. City of Hobart*,
996 F.3d 812 (7th Cir. 2021) ........................................................................................................ 6

*Schoeps v. Sompo Holdings, Inc.*,
No. 22 CV 7013, 2024 WL 2817361 (N.D. Ill. June 3, 2024) ..................................................... 7

*Tamburo v. Dworkin*,
601 F.3d 693 (7th Cir. 2010) ........................................................................................................ 5

# INTRODUCTION

Plaintiff Ryan Segal alleges that Hotel Defendants[1] and Amadeus Hospitality, Inc. ("Amadeus Hospitality") violated Section 1 of the Sherman Act by purportedly agreeing to use Demand360 and RevenueStrategy360. In a single sentence in his First Amended Complaint ("FAC"), Segal tries to plead his claim against Amadeus IT Group, S.A. ("Amadeus IT") by collapsing it together with Amadeus Hospitality. But that threadbare attempt fails to state a claim against Amadeus IT for two independent reasons.

**First**, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2) because Segal fails to allege any facts that support exercising personal jurisdiction over Amadeus IT. Amadeus IT is a Spanish company with headquarters in Madrid that is a distinct legal entity from Amadeus Hospitality, a Delaware corporation with headquarters in New Hampshire. Amadeus IT does not have any connection to this forum or Segal's claim because it has no operations in the United States and does not license Demand360 or RevenueStrategy360 to hotels anywhere.

**Second**, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) because defendants' June 24, 2024 motion to dismiss and memorandum in support thereto (ECF Nos. 109-10), which Amadeus IT joins, has already demonstrated that Segal fails to plead any of the required elements of his lone Sherman Act claim. Segal's allegations suffer from yet another defect against Amadeus IT because Segal connects Amadeus IT to the alleged conspiracy only through impermissible group pleading by conflating it with Amadeus Hospitality throughout the FAC.[2]

---

[1] "Hotel Defendants" are Hilton Domestic Operating Company Inc.; Marriott International, Inc.; The Ritz-Carlton Hotel Company, L.L.C.; Accor Management US Inc.; Six Continents Hotels, Inc.; Hyatt Corporation; Starwood Hotels & Resorts Worldwide LLC; Four Seasons Hotels Limited; Omni Hotels Management Corp.; and Loews Hotels Holding Corporation.

[2] Hotel Defendants and Amadeus Hospitality jointly moved to dismiss Segal's FAC on June 24, 2024. Amadeus IT was not a party to the motion because Segal had not yet effectuated service.

1

## BACKGROUND

Segal alleges that Amadeus Hospitality, a company headquartered in New Hampshire that provides benchmarking products such as Demand360 and RevenueStrategy360 (FAC ¶¶ 3, 34, 53), and Hotel Defendants, operators of various so-called "luxury hotel brands" in the United States (*id.* ¶¶ 25-33), entered into a "hub-and-spoke conspiracy to restrain trade" by collectively "agree[ing] to use" those products at an unidentified time just before the COVID-19 pandemic began in March 2020 (*id.* ¶¶ 11, 156, 204). This alleged scheme, according to Segal, increased room rates for "luxury" hotels (*id.* ¶¶ 70, 75) in the United States (*id.* ¶¶ 88-134).

Despite his focus on the United States, Segal devotes one sentence to naming Amadeus IT as a Defendant, introducing it as a "Spanish Sociedad Anonima headquartered in Madrid, Spain." (*Id.* ¶ 35.) For the remainder of the FAC, Segal collapses Amadeus IT with Amadeus Hospitality by defining the two entities collectively as "Amadeus," and then never mentions Amadeus IT separately again. (*See* FAC ¶¶ 3, 35.) Segal does not explain the corporate relationship between Amadeus IT and Amadeus Hospitality, let alone allege that Amadeus IT controlled or directed Amadeus Hospitality's actions. Segal also does not allege that Amadeus IT licenses Demand360 or RevenueStrategy360, has any connection to Hotel Defendants, has any operations or employees in the United States, or took any steps to further the alleged conspiracy.

The Declaration of Jacinto Esclapés Díaz, attached hereto, provides this factual information about Amadeus IT. Amadeus IT is a publicly traded company that is incorporated under the laws of Spain and is also headquartered in and has its principal place of business in Spain. (Decl. ¶ 4.) It is not incorporated or registered to do business in Illinois or in any other state in the United States. (*Id.* ¶¶ 6-7.) It does not have a physical office or regular place of business in the United States. (*Id.* ¶ 8.) And it does not have any United States employees. (*Id.* ¶ 5.)

2

Amadeus IT is a legal entity distinct from Amadeus Hospitality. (*Id.* ¶ 9.) It does not contract for or license hotel benchmarking platforms (e.g., Demand360 or RevenueStrategy360) to third parties. (*Id.* ¶ 10.) It keeps its own books and records, has its own board of directors, and properly observes formalities according to the laws under which it is organized. (*Id.* ¶ 9.)

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(2), a "plaintiff must allege facts supporting the reasonable inference that an out-of-state defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Nautilus Ins. Co. v. COA, Inc.*, 2023 WL 2933055, at *1 (N.D. Ill. Apr. 13, 2023) (alteration in original) (quoting *Int'l Shoe Co. v. Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945)). The plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Id.* The court "may consider matters outside of the pleadings," such as a declaration, in determining a Rule 12(b)(2) motion. *Majumdar v. Fair*, 567 F. Supp. 3d 901, 907 (N.D. Ill. 2021).

To survive a motion to dismiss under Rule 12(b)(6), by contrast, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere "labels and conclusions . . . will not do." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

## ARGUMENT

The Court should dismiss Amadeus IT from this case for two reasons. <u>First</u>, the Court lacks personal jurisdiction over Amadeus IT because it has no connection to this case or

3

jurisdiction. Second, Segal pleads no facts about Amadeus IT, much less enough to plausibly suggest that Amadeus IT participated in the alleged conspiracy.[3]

## I. SEGAL FAILS TO ALLEGE ANY FACTS TO SUPPORT PERSONAL JURISDICTION OVER AMADEUS IT IN ILLINOIS

Amadeus IT should be dismissed because Segal fails to allege that Amadeus IT has "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (citation omitted). In making this assessment, courts consider whether "'the defendant's conduct and connection with the forum State [is] such that [it] should reasonably anticipate being haled into court there.'" *Nautilus Ins. Co.*, 2023 WL 2933055, at *1 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In determining whether to exercise personal jurisdiction over a parent corporation, courts in the Seventh Circuit do not impute the contacts of a subsidiary on a parent corporation absent "an unusually high degree of control over" the subsidiary. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003). "Allowing a subsidiary's activities to be used as [the sole] basis for personal jurisdiction over a parent violates the principle that each defendant's contacts must be assessed individually and thus runs counter to due process." *Dale v. Deutsche Telekom AG*, 2023 WL 7220054, at *7 (N.D. Ill. Nov. 2, 2023).

There are two means by which personal jurisdiction may exist over a defendant: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Segal fails to allege facts sufficient to show either general or specific jurisdiction.

---

[3] Amadeus IT joins in Defendants' June 24, 2024 motion to dismiss Segal's FAC for his failure to plead any of the required elements of his claim, and the memorandum in support thereto. (ECF Nos. 109-10.) Amadeus IT also moves separately and individually to dismiss Segal's FAC for the additional reasons described herein.

### A. The Court Lacks General Jurisdiction Over Amadeus IT

The FAC does not allege any facts to support the contention that an Illinois court has general jurisdiction over Amadeus IT. General jurisdiction exists "'when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially <u>at home</u> in the forum State.'" *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697-98 (7th Cir. 2015) (citation and some alterations omitted) (emphasis added). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Indeed, "the [Supreme] Court has emphasized that [general jurisdiction] should not lightly be found." *Kipp*, 783 F.3d at 698 (citing *Goodyear*, 564 U.S. at 919). A corporation is typically "at home" in two fora: its place of incorporation and its principal place of business. *Nautilus Ins. Co.*, 2023 WL 2933055, at *2.

Amadeus IT is not subject to general jurisdiction because it is not "at home" in Illinois under any of these criteria. Amadeus IT is incorporated under the laws of Spain, not Illinois. (Decl. ¶¶ 4, 6.) Its principal place of business is also in Spain, not Illinois. (*Id.* ¶¶ 4-8) And Amadeus IT does not have <u>any</u> operations or employees in Illinois and is not registered to do business there. (*Id.* ¶¶ 5-8.). In fact, Segal alleges nothing suggesting Amadeus IT did anything in Illinois whatsoever.

In these circumstances it is clear that the Court lacks general jurisdiction over Amadeus IT.

### B. The Court Lacks Specific Jurisdiction Over Amadeus IT

Segal also fails to allege any facts to support the exercise of specific jurisdiction over Amadeus IT in Illinois. "To support an exercise of specific . . . jurisdiction, the defendant's contacts within the forum state must 'directly relate to the challenged conduct or transaction.'" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citation omitted). The

5

"'defendant [it]self'" must create a relationship with the forum state, and the relationship must be "with the forum State itself" rather than merely with "'persons who reside there.'" *Rogers v. City of Hobart*, 996 F.3d 812, 820 (7th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014)). It is not enough for the plaintiffs to be "the only link between the defendant and the forum." *Id.* (quoting *Walden*, 571 U.S. at 285).

Specific jurisdiction exists only when three requirements are met: "'(1) the defendant has purposefully directed his activities at the forum state or purposefully availed [it]self of the privilege of conducting business in that state, . . . ; (2) the alleged injury arises out of the defendant's forum-related activities,'" and (3) the exercise of specific jurisdiction "comport[s] with traditional notions of fair play and substantial justice." *N. Grain Mktg.*, 743 F.3d at 492 (citation omitted). Segal does not (and cannot) meet these requirements here.

### 1. Segal Does Not Allege that Amadeus IT Directed Its Activities at Illinois

Segal fails to establish that Amadeus IT directed its activities at Illinois or purposefully availed itself of conducting business there. A plaintiff fails to plead purposeful direction where the record is "devoid of any assertion that the defendant[] took any affirmative action specifically aimed at Illinois." *Rogers*, 996 F.3d at 820.

Segal fails to allege <u>any</u> specific acts by Amadeus IT, much less that Amadeus IT purposefully directed its activities at Illinois. Moreover, Segal does not allege or even suggest that Amadeus IT did anything from its offices in Spain that has any connection to Illinois. In fact, Segal alleges nothing about Amadeus IT's business other than that it is headquartered in Spain. (FAC ¶ 35.) Segal's threadbare allegations are utterly insufficient to establish personal jurisdiction.

6

### 2. Segal Does Not Allege That His Purported Injury Arose Out of Any Forum-Related Activities By Amadeus IT

Because Segal wholly fails to plead <u>any</u> action by Amadeus IT, he also necessarily fails to establish that his supposed injuries arose out of actions by Amadeus IT directed at Illinois. *See Dale*, 2023 WL 7220054, at *7 (no personal jurisdiction as to parent company in antitrust case where company's only contacts with Illinois were investments it made in Chicago-based businesses through "entirely separate" corporate entities and those investments were "wholly unrelated to [the] suit" in any event); *Lawrence H. Flynn, Inc. v. Philip Morris USA, Inc.*, 2006 WL 211823, at *3 (N.D. Ill. Jan. 19, 2006) (no personal jurisdiction as to individual defendants in antitrust conspiracy case where there was no "evidence that they ha[d] done business in Illinois"). Segal cannot cure this defect. Amadeus IT does not have any business operations in Illinois and it does not license the at-issue benchmarking platforms to Hotel Defendants here or anywhere for that matter. (Decl. ¶¶ 4-10.)

### 3. Traditional Notions of Fair Play and Substantial Justice Weigh Against the Exercise of Personal Jurisdiction

Exercising personal jurisdiction over Amadeus IT would also offend traditional notions of fair play and substantial justice because Amadeus IT has no connection to this forum, plaintiff, or the case. The Seventh Circuit has suggested that subjecting a corporation to personal jurisdiction in "every spot on the planet"—even where a defendant may have had a marginal interaction with a plaintiff—would offend traditional notions of fair play and substantial justice. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). Yet here, Segal cannot point to a single interaction between Amadeus IT and Illinois. Nor can he plead any connection between Amadeus IT (a company headquartered abroad in Spain) and himself (a resident of Illinois) (FAC ¶¶ 24, 35). *See Schoeps v. Sompo Holdings, Inc.*, 2024 WL 2817361, at *14 (N.D. Ill. June 3, 2024) (concluding traditional notions of fair play and substantial

7

justice weighed against exercising personal jurisdiction over Japanese and Bermudan companies because they "ha[d] no meaningful business operations in" Illinois and an Illinois lawsuit would be "burdensome" for them). And he pleads nothing suggesting that Amadeus IT did anything to further the alleged conspiracy. It thus would not "comport with traditional notions of fair play and substantial justice" to hail Amadeus IT—a Spanish entity that operates in Spain—to Illinois for a case to which it has no connection.

The Court lacks specific jurisdiction over Amadeus IT because Segal fails to allege it has any connection to this forum or case.

### C. Illinois Does Not Recognize a Conspiracy Theory of Jurisdiction, and Segal's Attempt to Garner Personal Jurisdiction Over Amadeus IT Through Group Pleading Is Impermissible In Any Event

Any attempt by Segal to subject Amadeus IT to personal jurisdiction through a conspiracy theory of personal jurisdiction or group pleading would get him nowhere. Conspiracy jurisdiction is a non-starter: "[C]ourts in this District have almost uniformly rejected the viability of [a] conspiracy theory of personal jurisdiction," *Batton v. Nat'l Ass'n of Realtors*, 2024 WL 689989, at *13 (N.D. Ill. Feb. 20, 2024), since "the Seventh Circuit has disclaimed it under Illinois law," *Bovinett v. HomeAdvisor, Inc.*, 2018 WL 1234963, at *3 (N.D. Ill. Mar. 9, 2018) (citing *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 F. App'x 582, 585 (7th Cir. 2010)). Application of a conspiracy theory of jurisdiction "would allow the exercise of personal jurisdiction over a nonresident defendant who had no minimum contacts with the forum state," *Ploense v. Electrolux Home Prods., Inc.*, 377 Ill. App. 3d 1091, 1106 (4th Dist. 2007), or even a nonresident defendant who had no "knowledge [whatsoever] that the conspiracy of which he was a part would operate there," *Knaus v. Guidry*, 389 Ill. App. 3d 804, 824 (1st Dist. 2009). This, in turn, would offend traditional notions of fair play and substantial justice. *Ploense*, 377 Ill. App. 3d at 1106. Segal therefore cannot invoke a conspiracy theory to manufacture personal jurisdiction here.

8

Even if he could, his attempt to do so only through group pleading is also impermissible. Group pleading generally renders dismissal appropriate on jurisdictional grounds because lumping defendants together "makes it impossible to discern which of the alleged activities and contacts relate to [one defendant] specifically." *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *7 (N.D. Ill. Feb. 1, 2016). Specifically, "for the purposes of specific personal jurisdiction," allegations incorporating group pleading "do not enable [the] Court to say . . . that [a particular defendant] engaged in <u>any relevant activities</u> in Illinois." *Id.* (emphasis added).

Segal lumps Amadeus IT—a Spanish corporation that does not license Demand360 or RevenueStrategy360 (Decl. ¶ 10)—together with all other defendants in a half-hearted attempt to garner specific jurisdiction over Amadeus IT. But this renders it impossible to discern which of the alleged activities and contacts supposedly relate to Amadeus IT. *See Berger v. PIKR, Ltd.*, 2015 WL 2208200, at *3 (N.D. Ill. May 8, 2015) (explaining that group pleading deficiencies "undermine[d] plaintiffs' jurisdictional arguments" where complaint did not "separately identify the Illinois contacts of each corporate defendant"). Segal's pleading wholly fails to establish specific jurisdiction exists over Amadeus IT.

Because it lacks both general and specific jurisdiction over Amadeus IT, this Court should dismiss Amadeus IT for lack of personal jurisdiction under Rule 12(b)(2).

## II. SEGAL FAILS TO PROVIDE SUFFICIENT FACTUAL DETAIL TO STATE A PLAUSIBLE CLAIM TO RELIEF AGAINST AMADEUS IT

Segal's claim against Amadeus IT likewise should be dismissed under Rule 12(b)(6) because he fails to provide "sufficient factual detail" suggesting Amadeus IT joined the alleged conspiracy. At a minimum, Rule 8 requires that every defendant be apprised of "what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Thus, a complaint "must provide the defendant with fair notice of what the [plaintiff's]

9

claim is, and the grounds upon which it rests." *Atkins v. Hasan*, 2015 WL 3862724, at *1 (N.D. Ill. June 22, 2015). These standards require that the complaint "set forth what each person (or corporation) is accused of doing." *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (emphasis added). "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am.*, 725 F.3d at 818. "That is true even for allegations of conspiracy." *Id.* "Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Id.*

Here, Segal impermissibly proceeds against Amadeus IT solely "based on a theory of collective responsibility," *id.*, and fails to give Amadeus IT notice of any specific claim or allegation against it. Segal does not attempt to explain "who did what" in his FAC. Rather, he "merely refer[s] to" Amadeus IT and Amadeus Hospitality "collectively—which does not provide to [Amadeus IT] sufficient notice of what [it] purportedly did wrong." *Atkins*, 2015 WL 3862724, at *2. "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint . . . ." *Id.* To pass muster, "a claim to relief must include such particulars." *Id.* Segal's FAC fails to do so entirely as to Amadeus IT. This fundamental failure to comply with Rule 8 renders dismissal necessary.

## CONCLUSION

For these reasons and the additional reasons set forth in the briefing in support of defendants' June 24, 2024 motion to dismiss (ECF Nos. 109-10), Amadeus IT respectfully requests that the Court grant its motion to dismiss the FAC with prejudice.

Dated: December 2, 2024                                    Respectfully submitted,

/s/ *Karen Hoffman Lent*
Karen Hoffman Lent (*pro hac vice*)
Matthew M. Martino (*pro hac vice*)
Sam Auld (*pro hac vice*)
Michael A. Lanci (*pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
karen.lent@skadden.com
matthew.martino@skadden.com
sam.auld@skadden.com
michael.lanci@skadden.com

Amy Van Gelder (N.D. Ill. 6279958)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0711
amy.vangelder@skadden.com

*Attorneys for Defendant*
*Amadeus IT Group, S.A.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 2, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          /s/ *Karen Hoffman Lent*